UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SEAN MICHAEL BRADLEY, | No. CV 11-03137-CJC (VBK) |
| Petitioner, | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | |
| JOHN F. SALAZAR, | |
| Respondent. | |

On April 13, 2011, Sean Michael Bradley (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus"[1] ("Petition"). Following a jury trial in Los Angeles County Superior Court, Petitioner was convicted of one count of lewd action upon a child under the age of fourteen in violation of California Penal Code ("PC") §288(a). Petitioner was sentenced to prison for eight years. (See Petition at 2-6.) Petitioner has raised the following claim in

---

[1]   This Petition was lodged in the United States District Court for the Central District of California on March 14, 2011. It appears that Petitioner wanted to file this Petition as a "First Amended Petition" in Case No. CV 09-07482-CJC (VBK). However, a Report and Recommendation was issued in that case on December 10, 2010, Petitioner was granted two extensions of time to file Objections to the Report and Recommendation, which he ultimately filed on February 24, 2011, and Judgment was entered dismissing the Petition with prejudice on March 9, 2011.

the within Petition: (1) Petitioner's conviction must be reversed because he was denied effective assistance of counsel under the Sixth Amendment and Due Process under the Fourteenth Amendment. (<u>Id</u>.)

It appears from the face of the Petition that it is directed to the same 2007 Los Angeles County Superior Court conviction as a prior habeas petition filed by Petitioner in this Court on October 15, 2009, in Case No. CV 09-07482-CJC (VBK).[2]  On March 9, 2011, Judgment was entered in Case No. CV 09-07482-CJC (VBK) denying the petition and dismissing the action with prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214)("the Act"), which became effective April 24, 1996.  Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

"(1) A claim presented in a second or successive habeas

---

[2]  The Court takes judicial notice of its own files and records. See <u>Mir v Little Co. of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988). On October 15, 2009, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" which was given Case No. CV 09-07482-CJC (VBK).  In this Petition, Petitioner raised the following claims: (1) "The trial court's preclusion of pertinent aspects of key defense witness's testimony ... deprived [Petitioner] of his constitutional right to present a defense" (ground one); (2) "[Petitioner]'s constitutional rights to due process and ... confrontation were denied by the trial court's restrictions on the cross-examination of" the alleged victims" (ground two); (3) "CALJIC No. 10.41 [was] impermissibly argumentative" (ground three); (4) "The trial court committed prejudicial error in preventing trial counsel from discussing a publicized case during [closing] argument" (ground four); (5) "Judicial misconduct infected the proceedings" (ground five); and (6) "The prosecutor committed prejudicial misconduct by referring to facts not produced in evidence at trial" (ground Six). (Pet. Memo. at (ii)-(iii).)

2

1       corpus application under section 2254 that was presented in a
2       prior application shall be dismissed unless--
3               (A)  the applicant shows that the claim relies on a new
4           rule of constitutional law, made retroactive to cases on
5           collateral review by the Supreme Court, that was previously
6           unavailable; or
7               (B)(i)  the factual predicate for the claim could not
8           have been discovered previously through the exercise of due
9           diligence; and
10              (ii)  the facts underlying the claim, if proven and
11          viewed in light of the evidence as a whole, would be
12          sufficient to establish by clear and convincing evidence
13          that, but for constitutional error, no reasonable factfinder
14          would have found the applicant guilty of the underlying
15          offense.
16          (3)(A) <u>Before a second or successive application permitted
17      by this section is filed in the district court, the applicant
18      shall move in the appropriate court of appeals for an order
19      authorizing the district court to consider the application</u>."
20
21      The Petition now pending constitutes a second and/or successive
22 petition challenging the same conviction as Petitioner's prior habeas
23 petition, within the meaning of 28 U.S.C. § 2244(b).  Thus, it was
24 incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from
25 the Ninth Circuit authorizing the District Court to consider the
26 Petition, prior to his filing of it in this Court.  Petitioner's
27 failure to do so deprives the Court of subject matter jurisdiction.
28      For the foregoing reasons, **IT IS ORDERED** that this action be

3

summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 20, 2011

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented on
April 15, 2011 by:

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

4